IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STACIA TATUM,

Plaintiff,

v.

TERESA SCHWARTZ, JONATHAN ZEH, and LANCE JENSEN,

Defendants. /

No. Civ. S-06-01440 DFL EFB

Memorandum of Opinion and Order

Stacia Tatum, a former secretary with the California Department of Corrections and Rehabilitation ("the CDCR"), brings this § 1983 action for sexual harassment, retaliation and disability discrimination against the CDCR and CDCR employees Jonathan Zeh, Lance Jensen and Teresa Schwartz. Defendants now move to dismiss. The motion will be GRANTED in part and DENIED in part.

I.

Tatum worked as an administrative assistant at the CDCR medical facility in Vacaville from February 1998 until June 10, 2004. She alleges that her supervisors, Jensen and Zeh,

sexually harassed her by watching her inappropriately, making sexual advances, and forcing her to work in close proximity to an inmate convicted of rape. Tatum alleges that she complained to Schwartz, the warden, in June 2004, but that Schwartz refused to remedy the situation. The last day Tatum worked was June 10, 2004, though she allegedly had a final meeting with Schwartz on June 30.

Tatum alleges that she could not "function or think clearly for several months after she left work in June 2004." On November 17, 2005, a workers' compensation ALJ found that Tatum had been "temporarily totally disabled from June 10, 2004 to date and continuing."

Tatum alleges that "[a] year later" (in early 2006), her doctor told her that she could return to work as long as she was not supervised by Jensen or Zeh. She did not return, however, because the CDCR allegedly told her she would be placed in a lower-paying position and refused to guarantee that she would not be supervised by Jensen or Zeh.

Tatum filed this lawsuit on June 27, 2006. She filed a first amended complaint ("FAC") on September 1. Defendants filed this motion to dismiss on October 10.

II.

Defendants argue that Tatum's first two claims, for harassment and retaliation, are time barred. The statute of limitations for § 1983 claims is determined by the forum state's statute of limitations for personal injury claims. Wilson v. Garcia, 471 U.S. 261, 275 (1985). In California, this is two years. Cal. Code Civ. Proc. § 335.1. Tatum's § 1983 claims arise primarily, if not entirely, from events that took place on or before June 10, 2004, her last day of work. She filed this lawsuit more than two years later, on June 26, 2006.

Tatum argues that her claims are not time barred because: (1) equitable tolling applies because the alleged harassment left her mentally disabled and unable to discern when she needed to bring her claims, and (2) the continuing violations doctrine also applies because defendants continued to violate her rights at least until June 30, 2004.

California equitable tolling doctrine applies to this § 1983 action. See Donoghue v. Orange County, 848 F.2d 926, 930 (9th Cir. 1987). In California, a statute of limitations is equitably tolled if the plaintiff was "insane" when the claim accrued. Cal. Code of Civ. Proc. § 352. A person is insane under the statute if "incapable of caring for his or her property or transacting business or understanding the nature of effects of his or her acts." Feeley v. S. Pac. Transp. Co., 234

Cal. App. 3d 949, 951-52 (1991) (citations and internal quotation marks omitted). Given Tatum's allegations of severe mental disability, the possibility that her first and second claims are timely due to equitable tolling cannot now be decided. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957) ("[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.").[1]

Because the possibility that Tatum is entitled to equitable tolling precludes granting defendants' motion to dismiss Tatum's first two claims, it is not necessary to consider the continuing violations issue.

III.

Defendants also argue that Tatum has not alleged sufficient facts to state a claim for sexual harassment or retaliation. Their argument lacks merit.

A complaint must set out "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "The Rule 8 standard contains a powerful presumption against rejecting pleadings for failure to state a

---

[1] Defendants may wish to focus their initial discovery efforts on matters relevant to the timeliness of Tatum's claims. The court would entertain a motion for summary judgment based on timeliness before the close of discovery.

claim." Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 249 (9th Cir. 1997) (citation and internal quotation marks omitted). Tatum alleges that Jensen and Zeh made unwelcome sexual advances toward her for approximately two years. Specifically, she alleges that Zeh "would sneak into her office 30 to 40 times a day and stand behind her watching her." She alleges that Jensen made inappropriate comments about her clothing and unwelcome sexual advances "suggesting that she and he needed 'to spend more time together.'" She alleges that Zeh and Jensen forced her to work in close proximity to an inmate convicted of rape, and that they intimidated her when she complained. Tatum alleges that Schwartz failed to prevent the discrimination despite her complaints, and that Tatum's sex was a motivating factor in Schwartz's refusal to take action. Finally, she alleges that when she sought to return to work in 2006, the CDCR told her she would be assigned to a lower paying position and that she might be supervised by Jensen and Zeh.

Tatum's allegations are adequate because she has "allege[d] with at least some degree of particularity overt acts which defendants engaged in that support [her] claim[s]." Jones v. Cmty. Redevelopment Agency, 733 F.2d 646, 649 (9th Cir. 1984).[2]

---

[2] Defendants place great weight on Jones, where the court affirmed the dismissal of a § 1983 race discrimination claim because it found the plaintiff's allegations to be "conclusional

Accordingly, defendants' motion to dismiss Tatum's first and second claims is DENIED.

IV.

Defendants argue that Tatum's third claim, which is against the CDCR for retaliation, should be dismissed because Tatum failed to timely serve CDCR with a summons and complaint.

Tatum timely served the three individual defendants, but, apparently because she inadvertently omitted the CDCR from the FAC's caption, failed to name the CDCR in the summons. Although the CDCR was not named in the summons or the caption of the FAC, service on the three individual defendants was effected through the CDCR. Also, the CDCR is named as a defendant in the body of the FAC.

On October 20, 2006, after defendants had raised this issue in their motion to dismiss, Tatum sent the CDCR a proper summons via certified mail. But for some reason, though it had to travel only from Oakland to Sacramento, the summons did not arrive until October 27, which was 122 days after this case was

---

and unsupported by any facts as to how race entered into any decision." 733 F.2d at 649. But unlike the plaintiff in Jones, Tatum has pled facts indicating that Jensen and Zeh made unwelcome sexual advances, which is evidence of discrimination based on membership in a protected class. Also, Jones predates the Supreme Court's decision in Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163 (1993), in which the Court re-emphasized that notice pleading applies to section 1983 claims.

filed. Thus, it arrived two days beyond the period allowed under Fed. R. Civ. P. 4(m).

Relying on Wei v. State of Hawaii, 763 F.2d 370 (9th Cir. 1985), defendants argue that the claim against the CDCR should be dismissed because Tatum has not shown good cause for her failure to timely serve the CDCR. Rule 4(m) requires dismissal if service is not timely effected, absent good cause for the failure shown by the plaintiff.

In Wei, the court upheld dismissal of a complaint where the plaintiff had “made no attempt to serve any of the defendants within the 120 day period.” Id. at 371. The circumstances here are far less egregious. First, although technically not timely served, the CDCR undoubtedly was apprised of the action against it by the timely service of its employees. Second, there is no question that the CDCR was aware of the claims against it before the service period expired, because it filed a motion to dismiss the complaint during the service period. Third, Tatum’s failure to properly serve the CDCR appears to have been the result of a typographical error, not a total failure of diligence as in Wei. Fourth, Tatum made a reasonable attempt to serve CDCR in a timely manner by mailing service on October 20. It is reasonable to expect a letter mailed in Oakland to arrive in Sacramento within five days. Finally, Tatum was just two days late with proper service. For these reasons, the court finds

that Tatum has shown good cause for the delay and DENIES defendants' motion to dismiss the third claim.

V.

Tatum's fourth and final claim is against the CDCR for discrimination in violation of the Americans with Disabilities Act ("the ADA"). Defendants point out that the Eleventh Amendment bars state employees from bringing ADA suits against their employers. Board of Trustees of Univ. of Alabama v. Garrett, 531 U.S. 356, 372-74 (2001). Tatum tacitly concedes this claim by failing to address defendants' argument in her opposition. Accordingly, defendants' motion to dismiss the fourth claim is GRANTED.

CONCLUSION

Defendants' motion to dismiss claims one, two and three is DENIED. Their motion to dismiss claim four is GRANTED.

IT IS SO ORDERED.

Dated: 2/5/2007

DAVID F. LEVI
United States District Judge