IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STACIA TATUM,

    Plaintiff,                      No. CIV S-06-1440 RRB EFB

    vs.

TERESA SCHWARTZ, et al.,

    Defendants.             <u>ORDER</u>

_____/

    This case was before the undersigned on June 13, 2007, for hearing on defendants' motion to compel a complete examination of plaintiff pursuant to Fed. R. Civ. P. 35. Shannon Seibert appeared as counsel for plaintiff; David Bass appeared as counsel for defendants.

    Although plaintiff does not oppose submitting to the Rule 35 examination, she opposes the scope of questions defendants seek to pose during that examination. In particular, plaintiff opposes any inquiries regarding her marital relationship. Defendants argue that these questions will be tailored for the limited purpose of determining various stressors in plaintiff's home life, which may bear on the issue of causation regarding plaintiff's emotional distress claims.

**I. BACKGROUND**

    Plaintiff is a former employee of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff alleges that while employed at CDCR, she was the victim of

1

sexual harassment, retaliation, and discrimination on the basis of disability.  In particular, plaintiff alleges that the individually named defendants either sexually harassed her or endorsed that harassment.  Plaintiff alleges that partly as a result of the harassment, plaintiff suffered emotional distress that caused her to leave work in June 2004.  Plaintiff further alleges that she was on leave due to a psychiatric disability from this time through May 2006, when she sought to return to work.  Plaintiff alleges that upon inquiring about returning to work, the CDCR refused to accommodate her psychiatric disability.  Based on this alleged conduct, plaintiff includes a claim for disability discrimination in the first amended complaint.  Plaintiff further alleges that as a result of her psychiatric disability, she is entitled to equitable tolling of any and all statutes of limitation.[1]  As part of her claim for damages, plaintiff alleges that she has suffered severe emotional distress, stress, anxiety, post-traumatic stress, insomnia, nightmares, shortness of breath, crying spells, headaches, problems in concentration and memory, anhedonia, shakiness and weight loss.

**II. DEFENDANTS' MOTION**

Defendants have filed this motion in response to plaintiff's claims that all inquiry into her marital relationship is prohibited pursuant to Fed. R. Evid. 412 and the marital communications privilege.

In brief, Rule 412 provides that evidence regarding a victim's sexual behavior or sexual predisposition is inadmissible.  Fed. R. Evid. 412(a); *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1104 (9th Cir. 2002).  "Rule 412's coverage extends [to] sexual harassment lawsuits," such as this one.  *Maui Police Dep't*, 276 F.3d at 1104 (citations omitted).  In such cases, evidence offered to prove a victim's sexual behavior or sexual predisposition is admissible (if it is otherwise admissible) only if "its probative value substantially outweighs the danger of harm

---

[1] In an order denying, in part, defendants' Rule 12(b) motion to dismiss, the district judge commented that the possibility that plaintiff was entitled to equitable tolling precluded granting defendants' motion on two of plaintiff's claims, and indicated that the court would entertain a motion for summary judgment based on timeliness before the close of discovery.

to any victim and of unfair prejudice to any party." *Id.* (quoting Fed. R. Evid. 412(b)(2)). "The purpose of the . . . rule is 'to safeguard the alleged victim against the invasion of privacy, potential embarrassment and sexual stereotyping that is associated with public disclosure of intimate sexual details and the infusion of sexual innuendo into the factfinding process.'" *Id.* (quoting Rule 412 Advisory Committee Notes).

Plaintiff interprets Rule 412 as prohibiting all inquiry, even during discovery, into plaintiff's relationship with her husband. That interpretation is overbroad.

First, the court notes that discoverability, rather than admissibility, is presently at issue.[2] Rule 26(b)(1) of the Federal Rules of Civil Procedure permits discovery "regarding *any matter*, not privileged, that is *relevant to the claim or defense* of any party." Fed. R. Civ. P. 26(b)(1) (emphasis added). As discussed below, the court finds plaintiff's assertion of the marital communications privilege unavailing.

Second, defendants do not seek to inquire about the sexual nature of plaintiff's relationship with her husband. Rather, defendants seek to discover evidence regarding other stressors in plaintiff's life that may have contributed to her alleged emotional distress. In particular, defendants cite to the joint arrest of plaintiff and her husband for public drunkenness and driving under the influence, respectively. Defendants seek to inquire about plaintiff's husband's other arrests, financial stresses in the marriage, childcare issues, and her husband's ex-wife. *See* Joint Statement Regarding Discovery Dispute, at 6:1-7:4. Defendants believe that such evidence may bear on issues of causation related to plaintiff's claims of severe emotional distress during and after her employment with CDCR. *Id.*

In *Fritsch v. City of Chula Vista*, 196 F.R.D. 562 (S.D. Cal. 1999), the court permitted discovery of plaintiff's mental health records because plaintiff made her emotional health near

---

[2] Plaintiff's relevancy objections are more properly asserted once evidence is actually offered in the proceedings, either at trial or in support of a dispositive motion, when the specific evidence and the objection may be evaluated in the context with which it is offered.

3

the time of the defendants' alleged misconduct an issue in the litigation by electing to seek monetary relief for emotional distress. In that case, plaintiff sought damages related to her claims for employment discrimination on the basis of a perceived disability. *Id.*, at 562. The court held that plaintiff waived the psychotherapist-patient privilege by seeking compensatory damages for injuries to her emotional health. *Id.*, at 569. The court reasoned that "to insure a fair trial, particularly on the element of causation, . . . defendants should . . .be free to test the truth of [plaintiff's] contention that she is emotionally upset because of the defendants' conduct" and not because of something else. *Id.* Accordingly, that court allowed discovery of plaintiff's mental health records.

Here, the analysis is not as complex. The court agrees with the *Fritsch* court that defendants are entitled to test plaintiff's assertion that her mental distress was solely a result of defendants' conduct. This court, however, need not address the issue of waiver because defendants do not seek privileged information.

"Partly based on Rule 501, federal courts recognize a marital communications privilege that exists to 'protect[] the integrity of marriages and ensure that spouses freely communicate with one another.'" *United States v. Griffin*, 440 F.3d 1138, 1143 (9th Cir. 2006) (quoting *United States v. White*, 974 F.2d 1135, 1138 (9th Cir. 1992)). "The privilege covers (1) 'only . . . words or acts intended as communication to the other spouse,' (2) 'only those communications made during a valid marriage,' and (3) 'only . . . those marital communications which are confidential.'" *Griffin*, 440 F.3d at 1143 (quoting *United States v. Marashi*, 913 F.2d 724, 729-30 (9th Cir. 1990)).

This privilege, which applies only to confidential communications, does not serve as a blanket prohibition against all inquiry regarding plaintiff's marriage. Moreover, the fact of communicating, as opposed to the substance of the communication, is not privileged. *Pearce v. Club Med Sales*, 172 F.R.D. 407, 409 (N.D. Cal. 1997). Here, the examination has not yet occurred, and no questions have even been posed to plaintiff. Further, the subjects defendants

4

seek to inquire about do not require plaintiff to divulge specific, confidential communications covered by the privilege. *Pearce*, 172 F.R.D. at 409. Thus, plaintiff's assertion of this privilege is speculative and premature, and is an improper basis for limiting the scope of the examination before it has begun.

Accordingly, defendants' motion is granted. Plaintiff shall submit to the medical examination to be conducted by examiner, Renee Binder, M.D. During the examination, plaintiff shall truthfully answer all proper questions submitted to her by Dr. Binder, including, but not limited to those concerning her marital relationship with her husband.

**III. CONCLUSION**

In accordance with the foregoing, IT IS ORDERED that:

1. Defendants' motion to compel a complete Rule 35 examination is granted; and,

2. Consistent with the parties' stipulation, defendants shall be allowed six hours in which to conduct the examination.

DATED:   June 14, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE