IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STACIA TATUM,

      Plaintiff,                    No. CIV S-06-1440 RRB EFB

      vs.

TERESA SCHWARTZ, et al.,

      Defendants.             <u>ORDER</u>

_____/

      This case was before the undersigned on July 25, 2007, for hearing on defendants' motion to compel more complete responses to various interrogatories and requests for production of documents. Shannon Seibert appeared as plaintiff's counsel and David Bass appeared as defense counsel.

**I. BACKGROUND**

      The background of this litigation was previously discussed in this court's June 14, 2007, order ruling on a different discovery dispute between the parties. The court therefore limits its discussion here to the relevant dispute.

      The present dispute arises from plaintiff's responses to defendants' initial requests for production of documents and interrogatories, served on March 16, 2007. Defense counsel agreed to an extension of almost two weeks for plaintiff to provide responses. Plaintiff timely

1

responded to the interrogatories, but they contained only objections and no substantive responses. After conferring, plaintiff served supplemental responses to the interrogatories on May 21, 2007. Still dissatisfied regarding the completeness of the responses, defense counsel conferred with plaintiff's counsel, and then memorialized his dissatisfaction with plaintiff's responses to both the interrogatories and requests for production in two letters dated June 14 and 15, 2007. When plaintiff's counsel did not immediately provide responses, defendants filed the present motion to compel. On the date the joint statement was due, July 18, 2007, plaintiff served defendants with additional responses to certain interrogatories, as well as additional responsive documents.

## II. ANALYSIS

### A. Interrogatories

In the motion to compel, defendants contend that all of plaintiff's responses to interrogatories nos. 5 through 7, and 10 through 14, are inadequate and evasive. At the hearing, defendants conceded that they were satisfied with the supplemental responses to interrogatories nos. 11 through 14, served on July 18, 2007. Accordingly, this order addresses only plaintiff's responses to interrogatories nos. 5, 6, 7 and 10.

Plaintiff's primary objection to the disputed interrogatories are that they are "contention interrogatories," i.e., of the "state all facts supporting" genre. Plaintiff argues that such interrogatories are disfavored as they are overly broad and burdensome to the responding party. Although such interrogatories can be impose undue burdens on the responding party, especially in the early stages of discovery, courts have otherwise approved of them when they are limited to discrete, narrow factual events. *See, e.g., Roberts v. Heim*, 130 F.R.D. 424, 427-28 (N.D. Cal. 1989) (recognizing a broad spectrum of contention interrogatories, and noting it is "not possible to announce in advance a hard and fast rule as to the exact amount of detail a party has to supply in response to a contention interrogatory").

////

1      Here, the disputed interrogatories fall somewhere in the broad middle ground recognized
2 by the court in *Roberts*. *Roberts*, 130 F.R.D. at 428 (noting the vast difference between an
3 interrogatory asking a plaintiff to "'state all facts upon which you base your contention that
4 defendant is liable in this action' and an interrogatory which asks a plaintiff to 'state all facts
5 upon which you base your contention that defendant was in attendance at the meeting of January
6 10, 1989.'"). For example, interrogatory no. 5 asks plaintiff to "[s]tate all facts upon which you
7 base your allegation in paragraph 11 of your First Amended Complaint that, after an alleged June
8 20, 2004, meeting, 'Defendant Schwartz continued to refuse to take any action to address
9 [YOUR] situation or remedy the hostile work environment to the point where she essentially
10 ratified the harassment." *See* Joint Statement ("Joint Statement") Regarding Discovery Dispute,
11 at 8:16-19 (capitalization and brackets in original).

12      As the parties conferred regarding the completeness of plaintiff's responses, defense
13 counsel provided some clarification regarding the scope of information sought by the
14 interrogatories. Notably, plaintiff raises little or no substantive objections to the disputed
15 interrogatories. Rather, her chief grievance appears to be with their form. For example, in a July
16 3, 2007, letter to defense counsel, plaintiff's counsel states that with regard to the disputed
17 interrogatories (as well as others), she will provide responsive answers if defense counsel
18 "submits them in proper interrogatory form." *See* Exhibit H to Joint Statement.

19      Because plaintiff does not object to providing additional information, and because
20 defendants' interrogatories are not the type clearly disfavored by the courts as overly broad or
21 burdensome, the court will compel plaintiff to provide supplemental responses.

22      The court specifically addresses interrogatory no. 7, which the parties disputed at length
23 during the hearing. Defendants argue that plaintiff's responses to this interrogatory have thus far
24 been evasive and insufficient, and that her reference to certain medical records in her most recent
25 ////
26 ////

3

supplemental response is insufficient for purposes of Fed. R. Civ. P. 33(d).[1]  Under that provision, a party may answer an interrogatory by specifying records from which the answer may be derived or ascertained so long as the burden of ascertaining the answer is substantially the same for either party.  Fed. R. Civ. P. 33(d).

In her responses to this interrogatory, plaintiff referred defendants to medical reports from nine different sources, for which she claims she "provided defendants with a signed Authorization and Release Form in May 2007."  *See* Exhibit F to Joint Statement, at 2:24-3:9. Defendants argue that this response is inadequate, and seek additional supplemental responses to the interrogatory, including the identity of the doctor(s) who diagnosed her as temporarily disabled from June 9, 2004, through February 9, 2005, and the date(s) of such diagnoses. Further, the defense seeks the identity of the doctor(s) who diagnosed plaintiff with adjustment disorder, anxiety disorder, depressive disorder, and post-traumatic stress disorder, as well as the dates of such diagnoses.  The defense also seeks the required treatment plaintiff undergoes for post-traumatic stress disorder, and documents concerning the ongoing nature of the diagnosis.

The court agrees that plaintiff's broad reference to the various doctor's reports is inadequate for purposes of Rule 33(d).  A party who responds to interrogatories by referring to documents must "specify, by category and location, the records from which answers to interrogatories can be derived."  *Walt Disney Co. v. DeFabiis*, 168 F.R.D. 281, 284 (C.D. Cal. 1996) (compelling defendant to produce documents in his possession, regardless of his belief that plaintiff already possessed copies of them, and finding his broad reference to documents insufficient).  Here, it appears that defendants have subpoenaed certain medical records, and plaintiff therefore references those documents she believes already to be in defendants' possession.  Plaintiff claims that she herself has only received three of the referenced reports thus

---

[1] Interrogatory no. 7 asks plaintiff to "[s]tate all facts upon which you base your allegation in paragraph 15 of your First Amended Complaint that you have a psychiatric disability."  Joint Statement, at 17:25-26.

1  far, and that the burden to specifically identify information in the reports is therefore
2  substantially the same for both parties.  *See* Joint Statement, at 20:17-22.

3        Regardless of whether plaintiff believes the documents are in defendants' possession, she
4  has an obligation to produce documents in her "possession, custody, or control" that are
5  responsive to a Rule 34 request for production.  *See* Fed. R. Civ. P. 33(d), 34(a).  The court notes
6  that defendants' request for production no. 7 seeks the same information requested by
7  interrogatory no. 7.  Accordingly, plaintiff's argument that she need only make such records
8  "available" to defendants under Rule 33(d) is unavailing.  The court is also somewhat perplexed
9  as to how plaintiff can respond to an interrogatory by referring to documents that she has not yet
10 received, nor presumably, examined.  In any event, plaintiff shall provide a full response to this
11 interrogatory, including the information discussed in the previous paragraph, and to the extent
12 she refers to any documents in her answer, she shall specify, in sufficient detail, the records from
13 which her response is derived.

14       Consistent with the foregoing, plaintiff is ordered to provide supplemental responses to
15 interrogatories nos. 5, 6, 7, and 10 within ten days from the date of service of this order.

16       B.  <u>Document Requests</u>

17       The court now turns to the parties' dispute regarding the completeness of plaintiff's
18 document production.

19       In response to defendants' requests for production of documents, plaintiff initially
20 produced approximately 100 pages of bates-stamped documents, but failed to specify which
21 documents corresponded with the categories in each request.

22       Rule 34(b)(i) of the Federal Rules of Civil Procedure provides, in relevant part, "a party
23 who produces documents for inspection shall . . . organize and label them to correspond with the
24 categories in the request."  Fed. R. Civ. P. 34(b)(i).  At the hearing, plaintiff's counsel agreed to
25 provide defense counsel with a statement specifying the requests to which the documents were
26 responsive, thereby alleviating one of defendants' chief complaints with the initial production.

In addition to providing supplemental interrogatory responses on July 18, 2007, plaintiff served defendants with additional, responsive documents. At the hearing, defense counsel stated that he had not yet had sufficient opportunity to review those documents, as he had received them only the day before the hearing.

There are two primary disputes regarding plaintiff's production of documents. First, with regard to Requests for Production nos. 4 and 9,[2] plaintiff admits to having responsive documents in her possession, but has withheld them "subject to defendants' stipulation to a mutually agreeable protective order." *See, e.g.,* Joint Statement, at 3:10-12. A party is not entitled to withhold documents in this manner.

Rule 26(b)(5)(A) provides:

> When a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial-preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.

Fed. R. Civ. P. 26(b)(5)(A).

Plaintiff claims no specific privilege or protection with regard to the withheld documents, and has not described them for defendants nor the court. The court explained this rule at the hearing and further admonished plaintiff that she must move the court for a protective order, either by making the required good cause showing under Fed. R. Civ. P. 26(c), or by submitting

---

[2] Request for Production no. 4 asks plaintiff to "[p]roduce all documents, including all medical records, that support, refute, or otherwise relate to your allegation in paragraph 10 of your First Amended Complaint that, regarding inmate Otter, 'Defendant Jensen arranged to move the inmate back to work with' [YOU]." (capitalization and brackets in original)

Request for Production no. 9, asks plaintiff to "[p]roduce all documents, including all medical records, that support, refute, or otherwise relate to your allegation in paragraph 17 of your First Amended Complaint that, [a]s a result of the acts and omissions alleged in [YOUR] First Amended Complaint, [YOU] sustained and will continue to sustain substantial loss of earnings, promotions, bonuses and benefits." (capitalization and brackets in original)

1  a joint stipulation for the court's approval.  Plaintiff requested, and the court granted, additional
2  time for the parties to agree upon a proposed stipulated protective order subject to the court's
3  approval.  Pursuant to the court's July 26, 2007, order, should plaintiff fail in these cooperative
4  efforts, the court will hear a properly noticed motion for a protective order.

5  Finally, the court addresses defendants' contention that plaintiff is obligated to produce
6  various documents in the hands of third parties, such as her bank and medical records.  Despite
7  defense counsel's assertion at the hearing that he briefed this issue in the Joint Statement, the
8  Joint Statement contains no citation to any authority supporting his contention.  As admonished
9  at the hearing, defendants may subpoena third parties for relevant documents in their control.
10 Indeed, that course of action is recommend as the "easier" approach, especially if it avoids
11 contentious and lengthy discovery motions and hearings.  *See, e.g.,* Hon. William W. Schwarzer,
12 Hon. A. Wallace Tashima, & James M. Wagstaffe, *Federal Civil Procedure Before Trial*, §
13 11:1934.1 (2006).  Despite the availability of such third-party subpoenas and their apparent use
14 of such subpoenas, defendants move to compel plaintiff to produce the requested documents.[3]

15 In particular, defendants seek to compel production of documents concerning plaintiff's
16 allegation that she was "unable to function or think clearly for several months after [she] left
17 work in June 2004."  Joint Statement, at 3:28-4:2 (Request for Production no. 6).  Defendants
18 argue that based on plaintiff's initial production, which includes doctors' reports referencing
19 other visits and exams, it is likely that plaintiff has in her "possession, custody, or control"
20 additional documents, including the referenced but not yet produced medical records.  *See* Fed.
21 R. Civ. P. 34(a).

22 "Control" for purposes of Rule 34, is defined as "the legal right to obtain documents
23 upon demand" or "control over the entity who is in possession of the document."  *7-UP Bottling*

---

[3] Based on the parties' comments in the Joint Statement and at the hearing, defendants in fact appear to have subpoenaed plaintiff's medical providers, and that the production pursuant to those subpoenas is not yet complete.

7

*Co. v. Archer Daniels Midland Co. (In re Citric Acid Litig.)*, 191 F.3d 1090, 1107 (9th Cir. 1999); *Soto v. City of Concord*, 162 F.R.D. 603, 619 (N.D. Cal. 1995). "'[T]he relationship between the party and the person or entity having actual possession of the document is central in each case.'" *Clark v. Vega Wholesale*, 181 F.R.D. 470, 472 (D. Nev. 1998) (quoting *Estate of Young v. Holmes*, 134 F.R.D. 291, 293 (D. Nev. 1991)). Some courts require that a party have exclusive control of the documents before production will be ordered. *Clark*, 181 F.R.D. at 472. Courts diverge on whether the patient-doctor relationship are sufficient to establish "control."

In *Clark*, the court denied a motion to compel the plaintiff to sign a medical release authorizing her physicians to release medical records. The court reasoned that "the relationship between the plaintiff and her doctor was not sufficient to establish control," and noted that defendants could secure copies of the requested documents from the custodian of the records as readily as the plaintiff through a subpoena. *Id.* Other courts, however, have granted motions compelling patients to produce medical records. *See, e.g., Soto*, 162 F.R.D. at 619-20 (finding that psychiatric evaluations of city employees, prepared at the behest of a city, were sufficiently within the city's "control" even though such reports were in the actual possession of the third-party, evaluating physician).

In this case, plaintiff has in fact authorized release of (at least some) of her medical records, and defendants claim they are still in the process of receiving such records pursuant to third-party subpoenas. Given this state of affairs, it would seem that this motion to compel is premature and that an order compelling production might be unnecessary by the time the subpoenaed third parties complete their production. Indeed, the extent to which defendants have sought information from third parties is not entirely clear . If plaintiff is refusing to authorize the release of additional records, defendants may move to compel her to sign an authorization. On the other hand, if the subpoenaed medical providers are refusing to comply with the subpoenas, defendants may move to enforce the subpoenas. However, neither of those two scenarios were presented by defendants in the present motion. Rather, defendants seem concerned with

plaintiff's failure to produce responsive medical documents in her possession. By this order, the court orders her to produce all such documents in her actual possession, including other responsive documents such as notes, diaries, and correspondence. Further, the court orders plaintiff to identify all other responsive documents, including all information necessary for defendants to obtain those documents from third parties. The court admonishes defendants to continue pursuing their efforts to obtain third party records via Rule 45.

Finally, defendants seek to compel production of documents concerning plaintiff's allegations that she "sustained and will continue to sustain substantial loss of earnings, promotions, bonuses and benefits." Joint Statement, at 20:18-21 (Request for Production no. 9). Defendants argue that her response to interrogatory no. 9, which tracks the language of this request, indicates that other documents should have been produced. Specifically, defendants seek plaintiff's paychecks, bank statements and other financial documents. Based on the parties' comments during the hearing, it appears that plaintiff's efforts to gather such documents have been hindered due to disorganization from the impending sale of her house. Defense counsel contends that plaintiff should get such documents from third parties if she is unable to locate items in her actual possession. Again, this situation highlights the utility, and sometimes necessity of obtaining documents from third parties via subpoenas.

The party seeking production of documents bears the burden of proving that the opposing party has "control" over the requested documents. *United States v. International Union of Petroleum & Industrial Workers*, 870 F.2d 1450, 1452 (9th Cir. 1989). Here, defendants have not demonstrated plaintiff's control over entities such as her bank. However, plaintiff does not dispute that defendants are entitled to such documents. To the extent plaintiff does have such documents in her possession, but awaits a determination regarding the forthcoming proposed protective order, she may delay production pending those efforts. Otherwise, the court orders plaintiff to produce all such responsive documents in her actual possession. Likewise, defendants may request such documents from third parties as allowed under the Federal Rules of

Civil Procedure.

With regard to the remaining requests for production, numbers 2 through 5, 7, 8, and 10 through 14, plaintiff served boilerplate objections, as well as objections to form. *See, e.g.,* Joint Statement at 12:9-13 (plaintiff's response objecting that defendants should have set forth request no. 3 in three separate requests for production). Plaintiff's objections in this vein are overruled, consistent with the analysis in the preceding section. Despite such objections, plaintiff has since produced additional, responsive documents. Although defendants had not had an opportunity to review all of these documents at the time of the hearing, the court admonishes plaintiff to produce any additional, responsive documents in her possession, custody, or control, as defined above. Where applicable, such production may be delayed until the issue of the appropriateness of a protective order is resolved.

## III. CONCLUSION

In accordance with the foregoing, IT IS HEREBY ORDERED that:

1. Defendants' motion to compel further responses is granted in part and denied in part;

2. Plaintiff shall produce all documents responsive to the disputed requests within her actual possession, including other responsive documents such as notes, diaries, and correspondence, within ten days from the date of service of this order. Further, the court orders plaintiff to identify all other responsive documents, including all information necessary for defendants to obtain those documents from third parties;

3. Pursuant to the court's July 26, 2007, order, to the extent the parties are able to agree upon the terms of a stipulated protective order governing the use of certain responsive documents, production of those documents may be delayed until such time as the court approves the stipulation, or until such time as the court rules on a properly noticed motion for a protective order; and,

////

////

1    4. Plaintiff shall provide complete responses to interrogatories nos. 5, 6, 7, and 10,
2 within ten days from the date of service of this order.
3 DATED: August 1, 2007.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE