IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STACIA TATUM,

      Plaintiff,                         No. CIV S-06-1440 RRB EFB

     vs.

TERESA SCHWARTZ, et al.,         <u>ORDER</u>

      Defendants.

_____/

     This case was before the undersigned on August 29, 2007, for hearing on plaintiff's motion for a protective order. Shannon Seibert appeared as plaintiff's counsel and David Bass appeared as defense counsel.

     Plaintiff's motion stems from a discovery dispute previously before the court on July 25, 2007. That dispute involved defendants' dissatisfaction with plaintiff's responses to various interrogatories and requests for production of documents. Based on the papers filed in connection with that motion, it became apparent that plaintiff was withholding responsive documents in anticipation of the parties' execution of a mutually agreeable stipulated protective order. The court explained to plaintiff's counsel that, to withhold documents on that basis, she would have to apply for, and be granted, a protective order, good cause having been shown. Further, to the extent the parties stipulated to a so-called protective order, that stipulation would

1

require court approval. The court granted plaintiff leave to execute and submit for the court's approval a proposed stipulated protective order, but the parties were unable to agree upon terms. Accordingly, plaintiff filed the present motion for a protective order. Defendants do not oppose, and in fact agree with, plaintiff's request that her medical records not be used or disclosed beyond the scope of this litigation. Accordingly, the court will endorse defendants' version of the proposed stipulated protective order governing use of plaintiff's medical records, upon submission by both parties of a signed version of that proposed order.

However, plaintiff also seeks a generalized order covering a wide array of unspecified documents. Specifically, plaintiff asks the court to issue an order "preventing information learned from documents produced during the present litigation from being disseminated to or used by others outside the scope of this litigation." Joint Statement, at 5:12-14. Plaintiff requests that the court's order cover documents designated "confidential" in light of "the potentially embarrassing nature of information contained" therein. *Id*., at 6:6-9. Plaintiff makes the vague assertion that these documents relate to "her physical and psychological condition" and "her experiences with her coworkers and inmates in 2004." *Id.*, at 6:11-12. Not insignificantly, these very subjects bear directly on plaintiff's claims and defenses in this action. An order protecting such documents would, in effect, allow plaintiff to conduct this litigation in private.

Although the court has great discretion to issue protective orders if discovery causes annoyance, embarrassment, oppression, undue burden, or expense, *B.R.S. Land Investors v. United States*, 596 F.2d 353, 356 (9th Cir. 1979), good cause is required to obtain one. Fed. R. Civ. P. 26(c); *Foltz v State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003); *Phillips v. General Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002) ("Generally, the public can gain access to litigation documents and information produced during discovery unless the party opposing disclosure shows 'good cause' why a protective order is necessary.").

"For good cause to exist, the party seeking protection bears the burden of showing

specific prejudice or harm will result if no protective order is granted." *Id*., at 1210-11 (citing *Beckman Indus., Inc. v. International Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992)). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Welsh v. City & County of San Francisco*, 887 F. Supp. 1293, 1297 (N.D. Cal. 1995). "Mere embarrassment by the release of information is insufficient to constitute serious harm. An applicant for a protective order whose chief concern is embarrassment must demonstrate that the embarrassment will be particularly serious." *Id*. (citations omitted).

Here, plaintiff has provided no information for the court to assess the purportedly embarrassing nature of the documents she seeks to protect, nor a specifically articulated reason justifying their protection. Accordingly, the court finds that plaintiff has failed to demonstrate good cause for a protective order. The court therefore denies plaintiff's motion, in part, without prejudice to filing another motion that more specifically details the need for the order and establishes good cause therefor. Likewise, the court will consider, although not necessarily approve, a stipulated protective order should the parties later decide upon mutually agreeable terms governing disclosure of documents.

Finally, the court notes plaintiff's allegations made in the joint statement that defendants have also delayed production of responsive documents pending a stipulated protective order. Defendants seem to deny this claim, but the court nonetheless admonishes both parties that such a response to a discovery request is improper.

In accordance with the forgoing, IT IS ORDERED that:

1. Plaintiff's motion is denied, in part and granted in part;

2. The parties shall submit to the court within ten days from the date of service of this order a signed version of "defendants' proposed stipulated protective order re: medical records."

DATED: August 31, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE