IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STACIA TATUM,

        Plaintiff,                       No. CIV S-06-1440 RRB EFB

    vs.

TERESA SCHWARTZ, et al.,         ORDER

        Defendants.

                                 /

        This case was before the undersigned on January 16, 2008, for hearing on defendants' motion to compel plaintiff's deposition and for an order to exceed the seven hours allowed under Fed. R. Civ. P. 30(d)(1). Pamela Price appeared as plaintiff's counsel and David Bass appeared as defense counsel.

<u>Motion to Compel Plaintiff's Deposition</u>

        Defendants' motion stems from difficulties in scheduling plaintiff's deposition. In light of these difficulties and the impending discovery deadline of March 14, 2008, defendants seek an order setting plaintiff's deposition for a date certain. Although defendants previously noticed plaintiff's deposition for December 17, 2007, they did so apparently without first meeting and conferring with plaintiff's counsel regarding that date. However, the deposition nonetheless was properly noticed, and plaintiff and her counsel failed to appear. Plaintiff's counsel did not notify

1

defense counsel until the morning of December 17, that plaintiff would not attend.  Defendants were charged a $160.00 fee by the videographer in connection with the cancellation.  Plaintiff's counsel offered only vague references to her busy schedule and cited oversights by her staff to explain her failure to calendar the deposition or otherwise communicate her and her client's unavailability to defense counsel.  Although it is likely that plaintiff's counsel did not intentionally ignore the deposition notice, her failure to attend or timely reschedule the deposition resulted, to the detriment of defendants, in the $160.00 cancellation fee.  Further, the court finds that an order compelling plaintiff's deposition is appropriate in light of the looming discovery deadline and the parties' inability to agree on a date for the rescheduled deposition.  Accordingly, in granting defendants' motion to compel, the court also orders plaintiff's counsel to pay the $160.00 cancellation fee incurred as a result of her failure to attend or timely reschedule plaintiff's properly noticed deposition.  *See* Fed. R. Civ. P. 30(d)(2) (allowing an award of reasonable expenses incurred where a person impedes, delays or frustrates a deposition examination); *see also* Fed. R. Civ. P. 37(a)(5).

Consistent with the foregoing, and as announced at the hearing, the court grants defendants' motion to compel a date certain for plaintiff's deposition, and orders plaintiff's deposition to commence of February 5, 2008, at 9:00 a.m. at defense counsel's office.  Defendants also request an order extending the time allowed for plaintiff's deposition under Rule 30(d)(1).  Plaintiff opposes this portion of the motion.

<u>Request to Extend Length of Plaintiff's Deposition</u>

Pursuant to Fed. R. Civ. P. 30(d)(1), "unless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours.  The court must allow additional time consistent with Rule 26(b)(2) if needed to fairly examine the deponent. . . ."

Defendants argue that plaintiff's deposition will require a total of four days in light of the large amount of information and documentation pertaining to her mental state and various stressors beyond those alleged in the amended complaint.  In particular, defense counsel claims

he will need extra time to examine plaintiff regarding: (1) the different facts alleged against each individual defendant; (2) her working relationship with an inmate who plaintiff alleges was assigned to her for purposes of harassment (3) the time period between 2004 and 2006, during which plaintiff alleged she was under a mental disability entitling her to equitable tolling of the statute of limitations with regard to her claims against the individual defendants; and, (4) her designation of seven expert witnesses – all of whom treated plaintiff in one capacity or another. He also claims he will have to examine her regarding many documents and prior depositions concerning her worker's compensations claims.

The breadth of these deposition topics and their attendant documentation is acknowledged.  In recognition of the large amount of documentation to be covered during the deposition, the court finds defendants have shown good cause to expand plaintiff's deposition by one day, but not three.  This does not appear to be the sort of case contemplated in the Advisory Committee's notes regarding an extensive expansion of the seven hour limit.[1]  It is also noted that defense counsel has had much of this documentation in his possession for weeks, if not

---

[1] The Notes of the Advisory Committee on the 2000 amendments to Fed. R. Civ. P. 30 provide the following elucidation:

> Paragraph (2) imposes a presumptive durational limitation of one day of seven hours for any deposition. . . . The party seeking a court order to extend the examination, or otherwise alter the limitations, is expected to show good cause to justify such an order.
>
> Parties considering extending the time for a deposition – and courts asked to order an extension – might consider a variety of factors. For example, if the witness needs an interpreter, that may prolong the examination.  If the examination will cover events occurring over a long period of time, that may justify  allowing additional time.  In cases in which the witness will be questioned about numerous or lengthy documents, it is often desirable for the interrogating party to send copies of the documents to the witness sufficiently in advance of the deposition so that the witness can become familiar with them. . . . If the examination reveals that documents have been requested but not produced, that may justify further examination once production has occurred.

Fed. R. Civ. P. 30(d)(1), Advisory Committee's Note on 2000 Amendment.

months, and has had adequate time to review and prepare a sufficiently succinct deposition outline.  This case involves only three individual defendants and plaintiff's claims relate to a relatively short period during her course of employment with the California Department of Corrections and Rehabilitation.  Accordingly, the court finds that defendants are entitled only to one extra day in order to conduct a fair examination of plaintiff.

Schedule for Depositions

Next, as discussed at the hearing, due to the parties' inability to schedule the remaining deposition in this case and in light of the impending discovery deadline, the court sets the following depositions.  The deposition of defendant Schwartz shall occur on February 19, 2008.  Defendant Jensen's deposition shall occur on February, 26, 2008, and the balance of Zeh's deposition shall occur on February 28, 2008.   The parties may stipulate to mutually agreeable alternative dates, but are admonished as to the impending March 14, 2008, discovery deadline.

Application for Sealing Order

Finally, the court addresses plaintiff's improperly noticed *ex parte* application for an order sealing the joint statement regarding the present discovery dispute.  *See* L.R. 78-230(b); 6-144(e) (requiring motion to be noticed within 31 or 28 days before the scheduled hearing, or if a party desires the motion to be heard sooner, requiring an application to hear the matter on shortened time).  Plaintiff requests that certain portions of the joint statement be ordered "sealed for the natural lives of all persons whose rights to keep their information from public disclosure are affected by the Joint Statement."  The relevant portions of the statement concern plaintiff's treatment for depression, related medication, her personnel records, her and her husband's arrest records, and other stressors at home.

Generally, two standards govern motions to seal documents.  *Pintos v. Pacific Creditors Ass'n*, 504 F.3d 792, 801 (9th Cir. 2007).  "First, a compelling reasons standard applies to most judicial records.  This standard derives from the common law right to inspect and copy public records and documents, including judicial records and documents."  *Id*. (internal citations and

4

quotations omitted).  "[A] party seeking to seal judicial records must show that compelling reasons supported by specific factual findings outweigh the general history of access and the public policies favoring disclosure." *Id.* (internal citations and quotations omitted).

However, "private materials unearthed during discovery are not part of the judicial record." *Id.* (quoting *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006)).  "A different standard applies to that category from Rule 26(c) of the Federal Rules of Civil Procedure, which provides that a trial court may grant a protective order 'which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'" *Pintos*, 504 F.3d at 801 (quoting Rule 26(c)).  "The relevant standard for purposes of Rule 26(c) is whether "good cause" exists to protect the information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Id.* (internal citations and quotations omitted).

Here, the "needs of discovery" are not at issue.  Plaintiff does not contest defendants' right to access this information and, as evidenced by the joint statement, has already turned it over to them.  Indeed, much of the information that plaintiff seeks to seal is information that has already been made public through previous discovery motions.  The court previously denied plaintiff's motion for a protective order as to documents regarding her marriage and her psychological condition.  *See* Order, September 4, 2007.  Further, the joint statement was filed and thus, publicized, before plaintiff lodged her request to seal.

Plaintiff seeks to seal this already publicized information, which will undoubtedly be used to support defendants' dispositive motions regarding equitable tolling and plaintiff's claims for damages.  An order striking the joint statement and requiring it to be re-filed with certain portions under seal would not only be impractical, it might preclude parties from submitting certain documents in support of their dispositive motions, or at least require that they be submitted under seal.  In that circumstance, the "compelling reasons" standard for sealing would have to be met. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir.

5

2006).  Plaintiff has not met that burden in her *ex parte* motion, and has further failed to demonstrate good cause for the sealing of documents that have already been published, many of which have already been denied the auspices of a protective order.  Further, plaintiff has failed to address the practicalities of how such material would be sealed, when much of the information at issue has already been published and discussed in detail in previous court orders.  Plaintiff's *ex parte* motion is therefore denied.

In accordance with the forgoing, IT IS ORDERED that:

1. Defendants' motion is denied in part and granted in part;

2. Plaintiff's deposition shall begin on February 5, 2008, at 9:00 a.m. in defense counsel's office.  Defendants shall have one additional seven hour day to depose plaintiff.

3. Plaintiff is ordered to pay the $160.00 cancellation fee charged by the videographer in connection the cancellation of plaintiff's deposition noticed for December 17, 2007;

4. The deposition of defendant Schwartz shall occur on February 19, 2008.  Defendant Jensen's deposition shall occur on February, 26, 2008, and the balance of Zeh's deposition shall occur on February 28, 2008.   The parties may stipulate to mutually agreeable alternative dates, but are admonished of the impending March 14, 2008, discovery deadline; and,

5. Plaintiff's *ex parte* application for an order sealing portions of the joint statement is denied.

DATED: January 31, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

6