IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STACIA TATUM,

       Plaintiff,                       No. CIV S-06-1440 RRB EFB

    vs.

TERESA SCHWARTZ, et al.,         <u>ORDER</u>

       Defendants.

_____/

      This case was before the undersigned on February 20, 2008, for hearing on defendants' February 13, 2008, motion to compel amended responses to defendant Lance Jensen's requests for admission pursuant to Fed. R. Civ. P. 36(a). In particular, defendants move for an order compelling amended responses to requests for admission nos. 11, 12, 13, 16, 24, and 25. Pamela Price appeared as plaintiff's counsel and David Bass appeared as defense counsel. Because these parties have been before the court on numerous occasions in connection with other discovery disputes, the court forgoes recounting the background of this action or the squabbling and accusations that gave rise to the present motion. As ordered at the hearing and summarized briefly below, defendants' motion is granted in part, and denied in part.

      Although plaintiff ultimately denied all but one of the requests for admission at issue, her responses were equivocal and subject to several objections. For example, in response to request

1

for admission no. 12 ("Admit that inmate Oetter never worked with you for more than six days"), plaintiff objected that the term "worked with" was vague and ambiguous, and otherwise responded that she "made a reasonable inquiry, and in the absence of sufficient information to admit the request," denied it. *See* Defendants' Statement Regarding Discovery Dispute ("Defs.' Stmt."), at 7:9-11.

Defendants argue that plaintiff in fact did not "make a reasonable inquiry" in light of various documents tending to show the time period in which she worked with inmate Oetter. *See* Defs.' Stmt., Ex. F. While plaintiff explained at the hearing that she disputes defendants' apparent understanding of the term "worked with" as used in the request, her initial response falls short of the requirements of Fed. R. Civ. P. 36(a).

Rule 36(a) permits a party to assert lack of knowledge or information as a reason for failing to admit or deny the request only if the party states it has made a reasonable inquiry and that the information available to it is insufficient to enable it to admit or deny the request. Further, a "denial must fairly respond to the substance of the matter," and if the answer must be qualified, that answer "must specify the part admitted and qualify or deny the rest." Fed. R. Civ. P. 36(a)(4); *see also Asea, Inc. v. Southern Pacific Transp. Co.*, 669 F.2d 1242, 1246-47 (9th Cir. 1981) (an answer does not necessarily comply with Rule 36(a) merely because it includes a statement that the party has made reasonable inquiry and that the information necessary to admit or deny the matter is not readily obtainable; nor does an answer comply with the rule if the answering party has not, in fact, made a "reasonable inquiry," or if information "readily obtainable" is sufficient to enable him to admit or deny the matter).[1]

Here, plaintiff ultimately denied the request, but did so only "in the absence of sufficient information to admit the request." Based on defendants' exhibits, it appears that both parties have access to relevant information regarding the length of time plaintiff worked with inmate

---

[1] Contrary to defendants' assertion, however, *Asea* and *Marchand v. Mercy Medical Ctr.*, 22 F.3d 933 (9th Cir. 1994), do not require plaintiff to admit a fact that is not asked for.

Oetter. Plaintiff shall make a good faith review of that evidence so that her recollection may be refreshed, and then make an unequivocal admission or denial. To the extent plaintiff qualifies her response, she shall specify the basis for that qualification. Plaintiff shall likewise provide similar amended responses with respect to requests for admission nos. 11 and 13.

With regard to request for admission no. 16, defendants' motion is denied.[2] As discussed at the hearing, plaintiff's counsel's response on the record that the "letter speaks for itself and plaintiff authored the letter," shall be deemed a sufficient response.

With regard to request no. 24, which plaintiff failed to either admit or deny, plaintiff conceded in her paperwork and at the hearing that an amended response was required.[3] Plaintiff's response shall be consistent with the requirements set forth above.

Finally, request no. 25 requests plaintiff to "[a]dmit that when you provided the handwritten 128-B form concerning inmate Oetter to Correctional Counselor William Sinkovich in April 2004, Sinkovich told you that your write-up was weak and not specific enough to unassign inmate Oetter and that you needed to give him a typed chrono on yellow paper that Sinkovich could present to the committee that dealt with inmate assignments." *See* Defs.' Stmt., Ex. A, at 4:13-17.

Again, although plaintiff ultimately denied this request, her response was subject to her objection that the term "weak" was vague and ambiguous and could mean several things, including "relative physical strength." Defendants object to this request and point to documentary evidence which seems to indicate that Sinkovich did make these comments to plaintiff. The court will order plaintiff to provide an unequivocal amended response after

---

[2] Request no. 16 asks plaintiff to "[a]dmit that in the letter you wrote to warden Schwartz that you produced (no. 1) you stated that the daily movement sheet of June 7, 2004, showed that inmate Oetter was being reassigned to plant operations." *See* Defs.' Stmt., Ex. A, at 3:8-11.

[3] Request no. 24 asks plaintiff to "[a]dmit that you have no evidence that John Zeh was involved with inmate Oetter in a way related to your concerns about inmate Oetter." *See* Defs.' Stmt., Ex. A, at 4:9-11.

1  reviewing the relevant documents, and to the extent her answer must be qualified, it "must
2  specify the part admitted and qualify or deny the rest." Fed. R. Civ. P. 36(a)(4).
3      Thus, in accordance with the foregoing and as ordered at the hearing, plaintiff shall
4  provide amended responses to requests for admission nos. 11-13, 24 and 25, by not later than
5  February 29, 2008.
6      Further, as discussed at the hearing, the court hereby grants plaintiff's motion to compel
7  the completion of defendant Teresa Schwartz's deposition.  Plaintiff shall have an additional
8  three hours to complete defendant's deposition.  As ordered at the hearing, defense counsel shall
9  have provided plaintiff's counsel with dates therefor by the close of business on Thursday,
10 February 21, 2008.  Accordingly, plaintiff's motion to compel the deposition, currently set for
11 hearing on March 12, 2008, is vacated.
12     In accordance with the forgoing, IT IS ORDERED that:
13     1. Defendants' February 13, 2008, motion is granted in part and denied in part;
14     2. Plaintiff shall provide amended responses to requests for admission nos. 11-13, 24,
15 and 25 not later than February 29, 2008; and,
16     3. Plaintiff's motion to compel the completion of defendant Teresa Schwartz's
17 deposition (docket no. 79) is granted and the hearing scheduled for March 12, 2008, is vacated.
18 Plaintiff shall have an additional three hours to depose Ms. Schwartz, and as ordered at the
19 hearing, defense counsel shall have provided dates for the deposition by no later than the close of
20 business on February 21, 2008.
21 DATED: February 22, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4