IN THE  UNITED  STATES  DISTRICT  COURT

FOR  THE  EASTERN  DISTRICT  OF  CALIFORNIA

STACIA TATUM,                                        Civil No. 2:06-CV-01440-JAM-EFB

     Plaintiff,                                          ORDER

   v.

TERESA SCHWARTZ, JOHNATHAN ZEH,
and LANCE JENSEN, in their
individual capacities; and
CALIFORNIA DEPARTMENT OF
CORRECTIONS AND REHABILITATION,

     Defendants.


   This matter is before the Court on Plaintiff Stacia Tatum's

objections to Defendants Teresa Schwartz, Jonathan Zeh, Lance

Jensen and California Department of Corrections and

Rehabilitation's (collectively "Defendants") bill of costs,

pursuant to Federal Rule of Civil Procedure 54.  For the reasons

set forth below, Defendants are awarded their bill of costs with

the exception of witness fees and shipping fees, and Defendants

1    are permitted leave to amend the bill of costs with respect to

2    witness fees.

3         On August 8, 2008, this Court granted Defendants' motion

4    for summary judgment as to Plaintiff's claims of hostile work

5    environment sexual harassment and retaliation pursuant to 42

6    U.S.C. § 1983 and retaliation pursuant to Title VII of the Civil

7

8    Rights Act of 1964, 42 U.S.C. §§ 2000e et seq.  Docket ("Doc.")

9    178.  Defendants, as the prevailing party in this litigation,

10   filed a bill of costs in the amount of $29,740.21.  Doc. # 180.

11   Plaintiff filed objections to the bill of costs and requests

12   this Court to reduce the bill of costs from $29,740.21 to

13   $14,267.83.  Doc. # 181.

14
          Pursuant to Rule 54(d) of the Federal Rules of Civil
15
     Procedure, a prevailing party should be awarded costs, unless "a
16
     court order provides otherwise." Fed. R. Civ. P. 54 (2008).  As
17

18   such, "the rule creates a presumption in favor of awarding costs

19   to a prevailing party."  Ass'n of Mexican American Educators

20   ("AMAE") v. State of California, 231 F. 3d 572, 592 (9th Cir.

21   2000)(en banc)(citing Nat'l Info. Servs. v. TRW, Inc., 51 F.3d

22   1470, 1471 (9th Cir. 1995)); Champion Produce, Inc. v. Ruby

23   Robinson Co., Inc., 342 F.3d 1016, 1022 (9th Cir. 2003)("[C]osts

24
     are to be awarded as a matter of course in the ordinary case.").
25
     The losing party bears the burden of making a showing that the
26
     award of costs would be inequitable under the circumstances.
27

28

                                      2

Nat'l Info. Servs., 51 F.3d at 1472.  A district court need not

give reasons for abiding by the presumption and taxing costs to

the losing party.  Save Our Valley v. Sound Transit, 335 F.3d

932, 945 (9th Cir. 2003).  On the other hand, if a district

court refuses to tax costs to the losing party it must "specify

reasons," explaining "why a case is not 'ordinary' and why, in

the circumstances, it would be inappropriate or inequitable to

award costs."  Champion Produce, 342 F.3d at 1022.

Here, Plaintiff objects to Defendant's claim for subpoena

costs, namely rush service charges and witness check charges, in

the amount of $76.00.  Plaintiffs Objections to Defendants' Bill

of Costs ("Pl's Obj.") 1:25-28.  However, Plaintiff does not

identify the specific subpoena(s) to which those fees relate.

Therefore, this Court finds the objection vague and that it

fails to overcome the presumption of awarding such costs to

Defendants.

Plaintiff further objects to Defendants' claim for service

of process on Plaintiff's disclosed experts in the amount of

$1,159.49.  Pl's Obj. 2:2-9.  Again, Plaintiff is vague in that

she does not identify to which particular subpoena(s) she is

objecting.  To the extent Plaintiff is referring to Defendants'

subpoenas on her medical experts, Defendants have demonstrated

that the subpoena(s) were served on the doctors before Plaintiff

disclosed them as expert witnesses, thus making the subpoenas

1    necessary.  See Defendants' Reply ("Defs' Rep.) 2:16.  This

2    Court finds Plaintiff's objection to Defendants' claim of

3

4    $1,159.49 for service of process does not overcome the

5    presumption of Rule 54.  Accordingly, Defendants are awarded

6    their requested subpoena costs.

7         Plaintiff also objects to Defendants' entire claim for

8    witness fees.  Plaintiff specifically contests Defendants' claim

9
     for witness fees to R.M. Luros, M.D., David Green, Ph.D, Kenneth
10
     Wallis, M.D., and James Pescosolido, M.D., whom were disclosed
11
12   and deposed as expert witnesses.  Pl's Obj. 2:10-22.  Expert

13   witness fees are recoverable as part of an attorneys' fee award

14   only if they are authorized by explicit statutory authority.  W.

15
     Va. Univ. Hosp., Inc. v. Casey, 499 U.S. 83, 87 (1991).
16
     Following Casey, Congress expressly made expert witness fees
17
18   recoverable as part of attorneys' fees in an action brought to

19   enforce a provision of §§ 1981 and 1981(a).  42 U.S.C. §

20   1988(c).  Here, Plaintiff brought her suit under § 1983, not §

21   1981.  Further, the Ninth Circuit has stated that, "Absent

22
     'express statutory authority' for shifting expert witness fees,
23
24   reimbursement for such fees is limited by [28 U.S.C.] §§ 1821(b)

25   and 1920(3)."  Lovell v. Chandler, 303 F.3d 1039, 1058 (9th Cir.

26   2002).  Accordingly, Defendants are limited to recovering only

27   those expert witness fees allowed by 28 U.S.C. §§ 1821 and 1920.

28

See Padro v. Commonwealth of Puerto Rico, 100 F.Supp.2d 99, 109 (D.P.R. 2000)(citing cases).

Section 1920(6) provides for the compensation of court-appointed experts.  Because Defendants' experts were not court appointed, they can only receive basic witness fees under 28 U.S.C. § 1821.  See 28 U.S.C. § 1920(3).  Section 1821(b) limits witness fees to "an attendance fee of $40 per day" at a deposition or a trial, plus other travel expenses where applicable.   Here, because Defendants have not indicated their witness costs with sufficient specificity for the Court to determine which costs are allowable as attendance fees, travel expenses, or subsistence allowances those costs will be disallowed.  However, Defendants are given leave to amend the bill of costs with respect to witness fees to claim those amounts recoverable under § 1821.

Finally, Plaintiff objects to court reporter fees including shipping fees, expedited depositions, videotape and audiotape copies, and specific transcripts.  Pl's Obj. 4:14-28; 5:1-2. Defendants have withdrawn their request for shipping fees, totaling $561.00.  Defs' Rep. 3:5.  The Court, therefore, reduces Defendant's bill of costs by $561.00 for the shipping fees.  The Court finds the remainder of Plaintiff's objections to the court reporter fees do not overcome the presumption of awarding costs to Defendants pursuant to Rule 54.

In sum, the Court reduces the bill of costs by $561.00 for the withdrawn shipping fees and $9,091.00 for witness fees to $20,088.21.  The Court grants Defendants leave to amend the bill of costs with respect to witness fees to claim those amounts recoverable under Section 1821.  Defendants' bill of costs is otherwise approved by the Court.

It is so ORDERED.

Dated: November 4, 2008

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE